CHERYL A. GRAMES
Nevada Bar No. 12752
E-Mail: Cheryl.Grames@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
Attorneys for Defendant
USAA SAVINGS BANK

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| WENDY SUE HUTSON<br><br>Plaintiff,<br><br>vs.<br><br>USAA SAVINGS BANK,<br><br>Defendants. | CASE NO. 2:19-cv-1969<br><br>**DEFENDANT USAA SAVINGS BANK'S MOTION TO COMPEL ARBITRATION AND DISMISS THIS ACTION PENDING ARBITRATION** |

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, Defendant USAA Savings Bank ("**USAA SB**") moves this Court to compel arbitration pursuant to an arbitration agreement between the parties and dismiss this action without prejudice. Plaintiff's only claims are subject to mandatory arbitration. In the alternative only, USAA SB requests that the Court stay this matter pending arbitration.

I.   **INTRODUCTION**

This action arises out of two credit card accounts that Plaintiff opened with USAA SB. Under the terms of the credit card agreement, Plaintiff agreed to arbitrate any disputes involving her relationship with USAA SB, including the collection of credit card debt. In *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 345-46 (2011), the Supreme Court reaffirmed the longstanding "national policy favoring arbitration" under the Federal Arbitration Act, 9 U.S.C. §§ 1-16. Since *Concepcion*, courts have routinely upheld arbitration provisions in credit card agreements and

other consumer contracts. Here, a valid agreement to arbitrate exists and that agreement clearly encompasses the dispute at issue. Accordingly, the Court should order Plaintiff to proceed in arbitration and dismiss the case without prejudice.

## II.     FACTUAL BACKGROUND

Plaintiff alleges that USAA SB placed "telephone calls to Plaintiff in connection with an attempt to collect an alleged debt incurred using a credit card issued by Defendant." (Doc. 1, ¶ 8.) Specifically, Plaintiff alleges that USAA SB made the calls without prior express consent using an automatic telephone dialing system and/or an artificial or prerecorded voice, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("**TCPA**"). (Doc. 1, ¶¶ 13-16.) Under the terms of the Credit Card Agreement ("**Agreement**"), Plaintiff agreed to arbitrate disputes like this one with USAA SB, including claims relating to the collection of her credit card debt. (Agreement and Arbitration Addendum are attached as **Exhibits A** and **B**, respectively.) Accordingly, Plaintiff's claims against USAA SB are subject to mandatory arbitration.

### A.     Plaintiff and USAA SB Entered into a Credit Card Agreement.

On March 18, 2011, Plaintiff submitted, and USAA SB approved, an application for a MasterCard (later converted to Visa) credit card with USAA SB. (Declaration of Michelle Deneen ("**Deneen Decl.**"), attached as **Exhibit C**, ¶ 3.) On August 15, 2018, Plaintiff submitted, and USAA SB, a second application for a Visa credit card with USAA SB. (*Id.* at ¶ 5.)

At the time of each application, Plaintiff agreed to be bound by the Agreement terms after her "first or next use" of the credit card account or "ten days after [USAA SB] mail[s] or deliver[s] this Agreement" to Plaintiff. (*Id.* at ¶¶ 3, 5, citing Agreement, p. 4, Part A: Important Information about this Agreement, ¶ 3.)

Per standard practice, USAA SB mailed the credit cards and a copy of the Agreement, including the Arbitration Addendum, to Plaintiff. (*Id.* at ¶ 6.) After receipt of the credit cards, Plaintiff made her first credit card transactions on each card on January 24, 2012, and August 17, 2018, respectively. (*Id.* at ¶¶ 7, 8.)

…

DEFENDANT USAA SAVINGS BANK'S MOTION TO COMPEL ARBITRATION AND
DISMISS THIS ACTION PENDING ARBITRATION

### B.     Plaintiff Agreed to Arbitrate Her Claims per the Credit Card Agreement and Improperly Filed this Action.

An Arbitration Addendum is part of the Agreement. (Agreement, p. 4, Part A: Important Information about this Agreement, ¶ 2) ("This Agreement consists of the following documents . . . [including] the Arbitration Addendum . . . Collectively, all these documents are referred to as the 'Agreement[.]'") The Arbitration Addendum provides:

> Any Covered Claim, upon election by either of us, shall be resolved by arbitration according to the terms of this Arbitration Addendum. … Arbitration is the way all parties to this Agreement will resolve any Covered Claim, except those subject to small claims courts as described below in section A.5.
>
> All Covered Claims must be submitted to arbitration, including without limitation (a) those based in contract; tort; state or federal statutes, regulations or ordinances; state or federal common law; state or federal constitutional law; and (b) those seeking any form of equitable or declaratory relief or money damages.

(Arbitration Addendum, ¶ A.1.)  A "Covered Claim" is defined to include "any pre-existing, present, or future dispute, claim, or controversy that in any way arises out of or relates" to the following:

> (i)  "Your Account balance or any billing or collections matters relating to your Account;"
>
> (ii)   "Any products, services, or benefit programs related to or offered in connection with your Account …"
>
> (iii) "Any other matters relating to your Account or your past, present, or future relationship with us."



DEFENDANT USAA SAVINGS BANK'S MOTION TO COMPEL ARBITRATION AND DISMISS THIS ACTION PENDING ARBITRATION

(Arbitration Addendum, ¶ A.2.) Plaintiff's claim that USAA SB placed "telephone calls to Plaintiff in connection with an attempt to collect an alleged debt incurred using a credit card issued by Defendant" is a Covered Claim per Paragraph A.2 subsection.

Per the Arbitration Addendum, arbitration must be commenced with the American Arbitration Association ("**AAA**"). (Arbitration Addendum, ¶ A.6.)

### III.  LEGAL STANDARD

The Federal Arbitration Act ("**FAA**") provides that written agreements to arbitrate "shall be valid, irrevocable, and enforceable." 9 U.S.C. § 2. The FAA permits a party who is aggrieved by "alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" to petition a district court for an "order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4; *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000). The FAA has "establishe[d] a national policy favoring arbitration when the parties contract for that mode of dispute resolution." *Preston v. Ferrer*, 552 U.S. 346, 349 (2008); *Concepcion*, 563 U.S. at 345-46.

In deciding whether to compel arbitration, a court analyzes only two threshold questions. It "must determine (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Lowden v. T-Mobile USA, Inc.*, 512 F.3d 1213, 1217 (9th Cir. 2008) (internal quotes omitted). Courts should dismiss the case if all claims are subject to the arbitration agreement. *Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *e.g.*, *Moses v. Lending Club*, No. 217CV03071, 2019 WL 489092, at *4 (D. Nev. Feb. 6, 2019) ("Because I find that [plaintiff's] only claim falls within the arbitration agreements' scope, I dismiss her claim without prejudice and order the parties to arbitrate that claim in accordance with their agreements.").

### IV.  LAW AND ARGUMENT

USAA SB satisfies the two-prong standard because a valid arbitration agreement exists and Plaintiff's claims are within its scope.

**A.     A Valid Arbitration Agreement Including a Delegation Clause Exists.**

"Federal courts [] have determined that a credit card agreement need not be signed to demonstrate that the holder of the card is bound by its terms." *Snyder v. CACH, LLC*, No. 16-00097, 2016 WL 6662675, at *9-10 (D. Haw. Nov. 10, 2016); *see also Crawl v. Experian Info. Sols., Inc.*, No. CV 15-97, 2016 WL 8716597, at *4 (D. Md. Jan. 29, 2016) (granting motion to compel arbitration as plaintiff "entered into an agreement to arbitrate when she applied for and used the Discover-brand credit card").

In *Snyder*, the plaintiff did "not dispute [d]efendants' claims that she applied for the credit card at issue and used the credit card." *Id*. at *9. The agreement at issue provided that its terms become "effective and you agree to its terms by either using your Account or by not closing your Account within 3 days of receipt of this Agreement." *Id*. The defendant's supporting affidavit to compel arbitration provided that "[p]laintiff opened the account [] and used or authorized the use of the account for the acquisition of goods, services, or cash advances in accordance with the customer agreement [] governing use of the [a]ccount." *Id*. The court in *Snyder* held that "because [p]laintiff does not dispute her use of the credit card, the [c]ourt finds there was mutual assent to arbitrate despite the lack of a signature on the [a]greement." *Id*.

Here, as in S*nyder*, Plaintiff applied for two credit cards with USAA SB and used those credit cards. (Deneen Decl., ¶¶ 3, 5, 7, 8.) Plaintiff became bound to the Agreement when USAA SB mailed the Agreement along with her credit cards and Plaintiff made the first transactions on them. (*Id*. at ¶¶ 6-8.) USAA SB has satisfied the first prong to compel arbitration. Indeed, there cannot be any possible dispute that an arbitration agreement exists as Plaintiff's Complaint acknowledges that her claims arise out of USAA SB's attempts to collect "an alleged debt incurred" on a USAA SB credit card issued to Plaintiff. (Compl. ¶ 8.)

Further, even if there were a challenge to the enforceability of the Agreement, the Arbitration Addendum contains a delegation provision, reserving determination for any such challenges to the arbitrator. (Arbitration Addendum, § A.2.); *e.g.*, *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529 (2019) ("When the parties' contract delegates the

arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue."); *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68-70 (2010) ("The delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement. … such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."); *Momot v. Mastro*, 652 F.3d 982, 986-88 (9th Cir. 2011) (holding that the district court erred in determining arbitrability of claim when arbitration agreement contained a delegation clause).

### B. Plaintiff's Claims Falls within the Scope of the Agreement.

To "require arbitration, [a plaintff's] factual allegations need only ***touch matters*** covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999) (emphasis added); *Moses*, 2019 WL 489092 at *4 (finding the "arbitration agreements are broad enough to encompass [plaintiff's] claim"). As stated above, the arbitration agreement contains a delegation provision, such that any challenges to whether Plaintiff's claims fall within the scope of the agreement are reserved for the arbitrator. *E.g.*, *Henry Schein*, *supra*. Accordingly, even if Plaintiff were to challenge whether her claims were within the scope of arbitration, that matter must be determined by the Arbitrator.

Regardless, even if the Court were to engage in that task, Plaintiff's claims are a Covered Claim.  The Agreement and scope for Covered Claims broadly includes any matters "relating to your Account or your past, present, or future relationship with us," including "[a]ny products [or] services," such as Plaintiff's credit cards with USAA SB. (Arbitration Addendum, ¶ A.2.) The Agreement also specifically covers "any billing or collections matters relating to your Account," (*id.*), which is precisely what Plaintiff alleges when she claims this suit arises out of USAA SB's "telephone calls to Plaintiff in connection with an attempt to collect an alleged debt incurred using a credit card issued by Defendant." (Compl. ¶ 8); *see, e.g*, *Hanson v. TMX Fin., LLC*, No. 2018CV00616, 2019 WL 1261100, at *4 (D. Nev. Mar. 19, 2019) (compelling arbitration of TCPA claim). Therefore, USAA SB has satisfied the second prong to compel arbitration.

DEFENDANT USAA SAVINGS BANK'S MOTION TO COMPEL ARBITRATION AND
DISMISS THIS ACTION PENDING ARBITRATION

### C. Dismissal Without Prejudice is the Appropriate Remedy.

The FAA provides for a district court, upon motion by a party and being satisfied an arbitration agreement exists, to stay proceedings until the issues covered by arbitration are resolved. 9 U.S.C. § 3. However, the Ninth Circuit has uniformly held (as well as Circuit courts nationwide, for that matter) that when all claims at issue in litigation are referable to arbitration, dismissal without prejudice is the appropriate remedy. *E.g.*, *2151 Michelson, L.P. v. Corp. of Presiding Bishop of Church of Jesus Christ of Latter Day-Saints*, 754 Fed. Appx. 596 (9th Cir. 2019) ("The district court correctly dismissed the action on the basis that all the claims are arbitrable."), *citing Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (affirming that the district court properly dismissed the action without prejudice when all claims in the litigation were subject to arbitration); *accord, e.g.*, *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable.").

In the alternative only, USAA SB requests that the Court stay this matter pending arbitration. However, as Plaintiff only alleges claims under the TCPA, and those claims are subject to arbitration, this matter should be dismissed without prejudice.

### V. CONCLUSION

For the foregoing reasons, USAA SB respectfully requests that the Court grant the Motion.

### VI. INDEX OF EXHIBITS

A. USAA Savings Bank Credit Card Agreement.

B. Arbitration Addendum to USAA Savings Bank Credit Card Agreement.

C. Declaration of Michelle Deneen, Mar. 6, 2020.



DEFENDANT USAA SAVINGS BANK'S MOTION TO COMPEL ARBITRATION AND DISMISS THIS ACTION PENDING ARBITRATION

1  DATED this 6th day of March, 2020.

2                                              Respectfully submitted,

3                                               s/ Cheryl A. Grames
4                                              CHERYL A. GRAMES
                                               Nevada Bar No. 12752
5                                              LEWIS BRISBOIS BISGAARD & SMITH LLP
                                               6385 South Rainbow Blvd., Suite 600
6                                              Las Vegas, NV 89118
7                                              *Attorneys for Defendant USAA Savings Bank*



DEFENDANT USAA SAVINGS BANK'S MOTION TO COMPEL ARBITRATION AND
DISMISS THIS ACTION PENDING ARBITRATION

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of March, 2020, I electronically filed the **DEFENDANT USAA SAVINGS BANK'S MOTION TO COMPEL ARBITRATION AND DISMISS THIS ACTION PENDING ARBITRATION** with the Clerk of the Court through Case Management/Electronic Filing System and served a true and correct copy by depositing a copy of same in the United States Mail at Las Vegas, Nevada postage fully prepaid, addressed to:

Matthew K. Higbee, Esq.
HIGBEE & ASSOCIATES
2445 Fire Mesa Street, Suite 150
Las Vegas, NV 89128
*Attorneys for Plaintiff*

By   /s/ *Mary Bradley-Estrada*
       An Employee of LEWIS BRISBOIS BIGAARD & SMITH



DEFENDANT USAA SAVINGS BANK'S MOTION TO COMPEL ARBITRATION AND
DISMISS THIS ACTION PENDING ARBITRATION