**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WENDY SUE HUTSON, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:19-cv-01969-GMN-EJY |
| vs. ) | |
| ) | **ORDER** |
| USAA SAVINGS BANK, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Motion to Compel Arbitration and Dismiss the Action Pending Arbitration, (ECF Nos. 6–7), filed by Defendant USAA Savings Bank ("Defendant"). Plaintiff Wendy Hutson ("Plaintiff") filed a Response, (ECF No. 9), to which Defendant filed a Reply, (ECF Nos. 10–11).

For the reasons discussed below, the Court **GRANTS** Defendant's Motion to Compel Arbitration and Dismiss the Action Pending Arbitration.

**I.   BACKGROUND**

This case arises from Plaintiff Wendy Hutson's ("Plaintiff's") allegation that she was a victim to Defendant's unlawful, automated collection calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (*See* Compl. ¶¶ 1–2, ECF No. 1). Defendant moves to dismiss the Complaint and submit the matter to arbitration, alleging that Plaintiff's Complaint falls within the scope of the parties' arbitration agreement. (*See* Mot. Compel Arbitration and Mot. Dismiss 1:16–20, ECF Nos. 6–7).

**II.   LEGAL STANDARD**

Section 2 of the Federal Arbitration Act ("FAA") provides that:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  "In enacting § 2 of the federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984).

Under the FAA, parties to an arbitration agreement may seek an order from the Court to compel arbitration. 9 U.S.C. § 4.  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis original).  Thus, the Court's role is limited to, "determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Lee v. Intelius, Inc.*, 737 F.3d 1254, 1261 (9th Cir. 2013) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (internal quotations omitted)).  The moving party must establish the existence of the arbitration agreement by a preponderance of evidence. *See Norcia v. Samsung Telcoms. Am., LLC*, 845 F.3d 1270, 1283 (9th Cir. 2017).

### III.  DISCUSSION

Defendant argues that the dispute should be submitted to arbitration because the dispute is within the Arbitration Clause in their Credit Card Agreement. (*See* Mot. Compel 5:25–6:27); (*see also* Arbitration Addendum ¶ A.2, Ex. B to Mot. Compel and Mot Dismiss, ECF No. 6-2). Plaintiff, in her Response, states that she "has submitted her claim to the American Arbitration Association pursuant to the terms of the Arbitration Addendum." (Pl.'s Resp. 2:1–2, ECF No.

9). Because Defendant received the relief it originally sought in its Complaint, the Court denies as moot Defendant's Motion to Compel Arbitration.

The Court must now decide whether to dismiss this action pending arbitration. Plaintiff requests that the Court stay this matter so that the Court can enforce the arbitration award, while Defendant seeks dismissal. (*See* Pl.'s Resp. 2:5–6); (*see also* Mot. Compel and Mot. Dismiss 7:1–13). Whether to dismiss or stay an action because of a valid arbitration agreement is within the discretion of the Court. *See 2151 Michelson, L.P. v. Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints*, 754 F. App'x 596, 597 (9th Cir. 2019) (citing *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988)). Dismissal is appropriate when all claims in the action are subject to arbitration. *Id.* Here, because all of Plaintiff's claims are subject to the arbitration agreement and the claims have already been submitted to arbitration, the Court finds that dismissal without prejudice is appropriate.[1]

## IV.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Compel Arbitration, (ECF No. 6), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the Action Pending Arbitration, (ECF No. 7), is **GRANTED**. Plaintiff's Complaint, (ECF No. 1), is **DISMISSED without prejudice.**

The Clerk of Court shall close the case.

**DATED** this __17__ day of February, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[1] Should Plaintiff receive relief, she may initiate an action by filing a motion to confirm the arbitration award in a court of competent jurisdiction under 9 U.S.C. § 9.